[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-15393
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 10, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 03-00121-CR-FTM-29-DNF


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


RICHARD EDWARD BRILLHART,

Defendant-Appellant.


------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
------------------------------------------------------------------

**(February 10, 2006)**


Before EDMONDSON, Chief Judge, BLACK and PRYOR , Circuit Judges.

PER CURIAM:

Defendant-Appellant Richard Edward Brillhart appeals his 240-month sentence, imposed pursuant to his guilty plea for possession of materials involving the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). Reversible error exists in part under United States v. Booker, 125 S.Ct. 738 (2005).

Defendant argues that the district court erred in not applying an offense level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. Defendant points to his expression of guilt, his feelings of embarrassment and remorse, his request for mental health counseling after his arrest, and the probation officer's initial recommendation that he receive a two-level reduction.

We review a district court's fact determinations about a reduction for acceptance of responsibility for clear error. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005). The Sentencing Guidelines allow an offense level reduction where a defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).

We discern no clear error in the district court's denial of a reduction for acceptance of responsibility. We are aware that Defendant entered a guilty plea before trial, which is evidence that he accepted responsibility for his acts. See U.S.S.G. § 3E1.1, comment. (n.3). But while in jail awaiting the resolution of his

case, Defendant requested that an associate send him written stories describing the sexual victimization of children. Defendant offered to pay $40 per story and directed the associate to send the stories under the guise of legal mail. The district court did not commit clear error in considering this conduct as inconsistent with acceptance of responsibility for possession of child pornography. See id. (noting that defendant's guilty plea and truthful admission of offense conduct may be outweighed by conduct inconsistent with acceptance of responsibility).[1]

Defendant also argues that his sentence must be vacated under Blakely v. Washington, 124 S.Ct. 2531 (2004), and Booker because his sentence was enhanced based on facts that he did not admit and that were not alleged in the indictment. He also asserts that, after Booker, the Guidelines are advisory.

Defendant raised a timely objection to his sentence based on Blakely. Thus, we review his Blakely/Booker claim de novo, but we will reverse only for harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Two kinds of

---

[1]Defendant couches his argument as a challenge to the district court's denial of a "downward departure," rather than an offense level reduction. Our review of the record shows that, because the district court determined that Defendant's ultimate guideline sentencing range of 360 months to life imprisonment was greater than the 20-year statutory maximum sentence, Defendant's guideline sentencing range became 240 months' imprisonment. See U.S.S.G. § 5G1.1(a). The district court rejected Defendant's argument for a downward departure from the statutory maximum so that he would get credit for acceptance of responsibility. The district court stated it was aware of its authority to depart downward on this basis, but refused to do so. To the extent that Defendant challenges this denial of a downward departure, we lack jurisdiction to review this claim. See United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005).

sentencing errors exist based on Booker: (1) the constitutional error of imposing a sentence enhancement based on judicial fact finding that goes beyond facts admitted by a defendant or determined by a jury, and (2) the statutory error of being sentenced under a mandatory guidelines system. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

The district court did not commit a Booker constitutional error. Defendant's sentence was enhanced for (1) trafficking in child pornography, U.S.S.G. §§ 2G2.4, 2G2.2, (2) images involving prepubescent minors, § 2G2.2(b)(1), (3) trading of child pornography, § 2G2.2(b)(2)(B), (4) sadistic, masochistic, or violent images, § 2G2.2(b)(3), (5) a pattern of activity involving sexual abuse of a minor based on Defendant's earlier sexual abuse conviction and probation violation, § 2G2.2(b)(4), (6) use of a computer, § 2G2.2(b)(5), and (7) over 600 images, § 2G2.2(b)(6)(D). At his second plea colloquy, Defendant admitted (1) that he used a computer to send pornographic images, some of which were sadomasochistic images, (2) that the images involved prepubescent minors, and (3) that he had hundreds of images. Thus, Defendant admitted the facts used to enhance his sentence. See Shelton, 400 F.3d at 1330 (no Sixth Amendment Booker violation where defendant admits to facts that enhanced his sentence). And the use of a prior conviction to enhance Defendant's sentence does not

4

implicate Booker.  Id. at 1329.  Therefore, the district court did not commit constitutional Booker error.

But the district court did commit statutory Booker error when it sentenced Defendant under a mandatory guideline system.  And the government concedes that this error occurred.  The government then bears the burden of showing that the statutory error was harmless.  See United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005).  A statutory Booker error is harmless only if the government shows that the error did not affect the sentence, or had only a very slight effect.  Id.

The government has not carried its burden.  See id. (stating that "[t]he non-constitutional harmless error standard is not easy for the government to meet").  The government admits that the effect of the statutory Booker error on Defendant's sentence is unclear.  The district court did not comment on whether it felt that Defendant's sentence was too harsh or too lenient.  And the district court made no statement that it would have imposed the same sentence regardless of whether the guidelines were advisory or mandatory.  See Mathenia, 409 F.3d at 1292 (concluding that statutory Booker error was harmless where district court announced it would have imposed same sentence if guidelines were unconstitutional as applied mandatorily).

We are aware that Defendant's ultimate guideline sentence range of 360 months to life imprisonment was greater than the 20-year statutory maximum sentence. So, Defendant's guideline sentencing range became 240 months' imprisonment. See U.S.S.G. § 5G1.1(a). And the government points to the facts of Defendant's offense as inconsistent with Defendant receiving a lower sentence. But the sentence and the facts of the offense tell us nothing about whether the district could would have imposed a lesser sentence under an advisory guidelines scheme. We conclude that the government has not shown that the statutory Booker error was harmless.

In sum, although the district court did not err in refusing to apply an acceptance-of-responsibility reduction under § 3E1.1, Defendant must be resentenced under an advisory guidelines system in accordance with Booker.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

6