[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2007
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 06-13705
Non-Argument Calendar

-----------------------------------------

D.C. Docket No. 03-00121-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD EDWARD BRILLHART,

Defendant-Appellant.

--------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
--------------------------------------------

**(June 8, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

Defendant-Appellant Richard Edward Brillhart appeals his 240-month

sentence for possession of materials involving the sexual exploitation of minors, in

violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). Brillhart argues that resentencing is required because the district court (1) denied him wrongly a downward departure for diminished mental capacity under U.S.S.G. § 5K2.13; (2) violated his Sixth Amendment rights when it enhanced his sentence upon finding that the offense conduct involved more than 600 pictures; and (3) erred when it refused to grant him a downward departure for acceptance of responsibility. No reversible error has been shown; we affirm.

About Brillhart's claimed entitlement to a downward departure for diminished mental capacity under U.S.S.G. §5K2.13, we lack jurisdiction to review a district court's denial of a downward departure unless the district court believed incorrectly that it lacked the authority to grant a downward departure. See United States v. Wingingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (confirming continuing validity after United States v. Booker, 125 S.Ct. 738 (2005), of pre-Booker precedent limiting appellate jurisdiction to review sentencing court's discretionary decision to award no downward departure). Brillhart makes no argument that the district court misunderstood its authority; and he points us to no evidence to suggest that the district court would have granted

the departure but for a mistaken belief that it lacked the authority to do so.[1]

Brillhart's section 5K2.13 claimed departure entitlement is subject to no review on appeal.

The other two issues Brillhart seeks to raise on appeal -- a Sixth Amendment <u>Booker</u> claim and a claimed entitlement to an adjustment based on acceptance of responsibility -- are issues Brillhart raised in an earlier appeal. Brillhart first was sentenced pre-<u>Booker</u>; he appealed raising preserved <u>Booker</u> claims and error based on the sentencing court's failure to grant an offense-level reduction for acceptance of responsibility. <u>See United States v. Brillhart</u>, No. 04-15393, 2006 WL 306013 (11th Cir. Feb. 10, 2006) ("<u>Brillhart I</u>"). <u>Brillhart I</u> concluded that Brillhart had admitted the facts used to enhance his sentence and so discerned no constitutional <u>Booker</u> error, <u>id</u>. at *1; and we saw no clear error in the district court's denial of a reduction for acceptance of responsibility. <u>Id</u>. We did see reversible statutory <u>Booker</u> error because Brillhart had been sentenced under a mandatory guideline system and because the government failed to show that the error had no -- or only very slight -- effect. <u>Id</u>. at *2. Based upon this

---

[1]Section 5K2.13 makes departure unavailable under that section when the offense of conviction is an offense under chapter 110 of Title 18. Chapter 110 of Title 18, entitled "Sexual Exploitation and Other Abuse of Children," sets out Brillhart's offense: violation of 18 U.S.C. § 2252. The district court noted correctly that Brillhart's conviction for possession of materials involving the sexual exploitation of minors made him ineligible for a section 5K2.13 departure.

Court's resolution of these issues against Brillhart in his earlier appeal, the government argues relitigation is barred by the law-of-the-case doctrine.

Whether the law-of-the-case doctrine applies is a question we review de novo. Transamerica Leasing, Inc. v. Institute of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005). "Under the law of the case doctrine, both the district court and the appellate court are generally bound by a prior appellate decision of the same case." Oladeinde v. City of Birmingham, 230 F.3d 1275, 1288 (11th Cir. 2000) (quotation and citation omitted). Exception may apply to allow appellate reconsideration if "the prior decision was clearly erroneous and would result in a manifest injustice." Id.

The issues of constitutional Booker error and acceptance of responsibility were decided explicitly in Brillhart I. Brillhart shows no clear error[2] and no manifest injustice sufficient to mitigate application of the law-of-the-case doctrine.

AFFIRMED.

---

[2] Brillhart disputes admitting to conduct involving over 600 images. But even if Brillhart were to prevail on the clear error element, he can show no manifest injustice. As long as Brillhart's offense involved at least 10 images ( he concedes he admitted to more than that number), the new sentencing range would still exceed the 240-month statutory maximum; Brillhart would receive the same sentence of 240 months' imprisonment.